**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIAN GARNER** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:15-CV-00087 |
| v. | ) | |
| | ) | |
| **SENEX SERVICES CORPORATION** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve at: | ) | |
| CT Corporation System | ) | |
| 120 South Central Avenue | ) | |
| Clayton, Missouri 63105 | ) | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, and for her Class Action Complaint states as follows:

### INTRODUCTION

1.     This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.     This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

### PARTIES

3.     Plaintiff is a natural person currently residing in St. Louis, Missouri.  Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

4.     Defendant is an Indiana corporation with its principal place of business located in Indianapolis, Indiana.  The principal business purpose of Defendant is the collection of debts in

1

Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6).*

## FACTS

6.      On or about January 12, 2015, Defendant contacted Plaintiff by telephone calling from (314) 925-9001 attempting to collect a debt once owed to St. Anthony's Medical Center in the amount of $731.45.

7.      During the call, Defendant told Plaintiff the debt was due and owing.

8.      The debt at issue was the basis of a lawsuit filed against Plaintiff in St. Louis County with a case number of 13SL-AC03480.  A Satisfaction of Judgment was filed on March 18, 2014.

9.      Plaintiff informed Defendant that she had already paid the debt and that she was no longer indebted to St. Anthony's Medical Center.

10.      Defendant told Plaintiff that she still owed the debt.

11.      Defendant had no legal basis to demand payment from payment, because the account had been fully satisfied as per the March 18, 2014 Satisfaction of Judgment filed in St. Louis County.

## CLASS ALLEGATIONS

12.      Upon information and belief, it is Defendant's routine practice to violate the FDCPA by attempting to debts allegedly owed to St. Anthony's Medical Center without the legal right to do so.

13.      This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class consists of the following persons:

14.     FDCPA class: all residents of the United States who within one year of January 12, 2015 that received a communication wherein Defendant was trying to collect a debt owed to St. Anthony's Medical Center when it had no legal right to do so.

15.     Members of the class are so numerous that joinder is impracticable.  Based on Plaintiff's and Plaintiff's counsel's research regarding consumer complaints, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout Missouri, Illinois and the United States.

16.     Upon information and belief, Defendant has engaged in the improper collection communications described above with hundreds of consumers.

17.     Plaintiff is a member of the class she seeks to represent.

18.     There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

19.     Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.  Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant.  Plaintiff has no interest or relationship with the Defendant that would prevent him from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

20.     A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.

21.     Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

22.     The purposes of the FDCPA will be best effectuated by a class action.

3

23.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

24.     Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

25.     Many, if not all, class members are unaware that claims exist against the Defendant.  There will be no unusual difficulty in the management of this action as a class action.

26.     Four common questions of law and fact predominate over all individual questions in this action.  The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant attempting to collect St. Anthony's Medical Center debt when they have no legal right to do so.

27.     Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

28.     Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

29.     All Class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual Class members is calculable and ascertainable.

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

30.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

4

31.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a.      Attempting to collect an amount that Defendant is not authorized to collect.  15 U.S.C. § 1692f(1);

b.      Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff.  15 U.S.C. § 1692d.

c.      Using false, deceptive, or misleading representation or means in connection with the debt collection.  15 U.S.C. § 1692e and e(10).

d.      Collection of an amount not authorized by law or by the agreement with Plaintiff's original creditor.  15 USC 1692f.

e.      Providing a communication that gives false impression about the character, amount or legal status of the debt. 15 U.S.C. § 1692e(2).

f.      Threatening to take action that cannot legally be taken.  15 U.S.C. § 1692e(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Release of the alleged debt;

D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E.      For such other relief as the Court may deem just and proper.

5

**THE EASON LAW FIRM, LLC**

s/ James W. Eason

_____

**JAMES W. EASON, #57112**
**The Eason Law Firm, LLC**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**